SUSAN K. JAMISON (State Bar No. 131867)
KATHERINE C. ZARATE (State Bar No. 214922)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:    ef-skj@cpdb.com,
              ef-kcz@cpdb.com

Attorneys for Defendant
The Wildcat Vineyards LLC dba
Sarah's Vineyard

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERTO CELESTINO, GERALDO PACHECO, JOSE MONTEJANO AND GERALDO M. CELESTINO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WILDCAT VINEYARDS LLC DBA SARAH'S VINEYARD, AND DOES 1 TO 10,<br><br>Defendants. | Case No. C 08 00994<br><br>CLASS ACTION<br><br>**ANSWER TO CLASS ACTION COMPLAINT** |

Defendant The Wildcat Vineyards LLC dba Sarah's Vineyard ("defendant") answers the unverified class action complaint (the "Complaint") of plaintiffs Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino ("plaintiffs") as follows:

1.   In answering paragraph 1 of the Complaint, defendant admits that it is doing business as Sarah's Vineyard, and that the four plaintiffs are former hourly employees.  Except as expressly admitted, defendant denies the remaining allegations in paragraph 1 and denies any liability as asserted by plaintiffs.

2.   In answering paragraph 2 of the Complaint, defendant lacks information sufficient to form a belief as to those allegations, and on that basis denies the allegations.

3.   In answering paragraph 3 of the Complaint, defendant lacks information sufficient to form a belief as to plaintiffs' allegations, and on that basis denies them.

4.   In answering paragraph 4 of the Complaint, defendant admits the allegations.

5.   In answering paragraph 5 of the Complaint, defendant lacks information sufficient to form a belief as to those allegations, and on that basis denies the allegations.

6.   Paragraph 6 of the Complaint alleges only legal conclusions to which no factual response by defendant is required.

7.   In answering paragraph 7 of the Complaint, defendant lacks information sufficient to form a belief as to those allegations, and on that basis denies the allegations.

8.   In answering paragraph 8 of the Complaint, defendant admits that plaintiffs purport to bring the action as a class action and denies that plaintiffs have either pled the requisites for class action relief or that such requisites are in fact present in this case. Defendant denies the remaining allegations in paragraph 8.

9.   In answering paragraph 9 of the Complaint, defendant admits that plaintiffs purport to bring the action as a class action and denies that plaintiffs have either pled the requisites for class action relief or that such requisites are in fact present in this case. Defendant denies the remaining allegations in paragraph 9.

10.  In answering paragraph 10 of the Complaint, defendant denies the allegations.

11.  In answering paragraph 11 of the Complaint, defendant denies the allegations.

12.  In answering paragraph 12 of the Complaint, defendant denies the allegations.

13.  In answering paragraph 13 of the Complaint, defendant denies the allegations.

14.  In answering paragraph 14 of the Complaint, defendant denies the allegations.

15.  In answering paragraph 15 of the Complaint, defendant admits the allegations.

16.  In answering paragraph 16 of the Complaint, defendant admits that Jose Montejano, Gerardo Celestino, and Geraldo Pacheco worked more than 8 hours a day and/or more than forty hours a week on occasion and that Roberto Celestino did so frequently. Defendant lacks information sufficient to form a belief as to the identity of the "other hourly paid employees" referred to in paragraph 10, and on that basis denies the allegations that they worked

over 8 hours a day and forty hours a week from "time to time on regular basis." Except as expressly admitted, defendant denies the remaining allegations in paragraph 16.

17. Defendant denies that plaintiffs were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code. Defendant lacks information sufficient to form a belief as to the identity of the "other hourly paid employees" referred to in paragraph 17, and on that basis denies the allegations that they were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

18. In answering paragraph 18 of the Complaint, defendant denies the allegations.

19. Defendant re-alleges and incorporates its answers to paragraphs 1-18 of plaintiffs' Complaint as if fully stated herein.

20. Paragraph 20 of the Complaint alleges legal conclusions to which no factual response is required. To the extent a response is required and plaintiffs allege that applicable wage orders require the payment of overtime compensation to agricultural workers who work in excess of 8 hours per day or 40 hours per week, defendant denies the allegation. Defendant denies the remaining allegations in paragraph 20 .

21. In answering paragraph 21 of the Complaint, defendant admits that Roberto Celestino, Jose Montejano, Gerardo Celestino, and Geraldo Pacheco worked over 8 hours a day or over forty hours a week from time to time and received straight time for such hours. Defendant lacks information sufficient to form a belief as to who are the "other hourly paid employees" plaintiffs refers to in paragraph 21, and on that basis denies the allegations concerning them. Except as expressly admitted, defendant denies the remaining allegations in paragraph 21.

22. In answering paragraph 22 of the Complaint, defendant admits that Roberto Celestino, Jose Montejano, Gerardo Celestino, and Geraldo Pacheco worked over 8 hours a day or over forty hours a week from time to time and received straight time for such hours. Defendant lacks information sufficient to form a belief as to who are the "other hourly paid employees" plaintiffs refers to in paragraph 22, and on that basis denies the allegations that they

1 worked over 8 hours a day and forty hours a week from time to time on regular basis. Except as expressly admitted, defendant denies the remaining allegations in paragraph 22.

23. Paragraph 23 of the Complaint alleges legal conclusions for which no factual response is required. By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

24. Paragraph 24 of the Complaint alleges legal conclusions for which no factual response is required. By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

25. In answering paragraph 25 of the Complaint, defendant denies the allegations.

26. In answering paragraph 26 of the Complaint, defendant denies the allegations.

27. Defendant re-alleges and incorporates its answers to paragraphs 1-26 of plaintiffs' Complaint as if fully stated herein.

28. Paragraph 28 of the Complaint alleges only legal conclusions to which no factual response is required. to the extent a response is required, defendant admits FLSA is governing law.

29. Paragraph 29 of the Complaint alleges only legal conclusions to which no factual response is required.

30. In answering paragraph 30 of the Complaint, defendant denies the allegations.

31. Paragraph 31 of the Complaint alleges legal conclusions for which no factual response is required. By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

32. Paragraph 32 of the Complaint alleges legal conclusions for which no factual response is required. By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

33. In answering paragraph 33 of the Complaint, defendant denies the allegations.

34. In answering paragraph 34 of the Complaint, defendant denies the allegations.

35. Defendant re-alleges and incorporates its answers to paragraphs 1-34 of plaintiffs' Complaint as if fully stated herein.

36. In answering paragraph 36 of the Complaint, defendant lacks sufficient information or belief as to the identity of the "him" reference in that paragraph as to be able to admit or deny the allegation, and on that basis denies it.

37. Paragraph 37 of the Complaint alleges legal conclusions to which no factual response is required. To the extent a response is required, defendant admits that Labor Code § 203 provides for such penalties under specified circumstances.

38. In answering paragraph 38 of the Complaint, defendant lacks sufficient information as to the identity of the employees referenced, and on that basis denies the allegation.

39. Defendant re-alleges and incorporates its answers to paragraphs 1-38 of plaintiffs' Complaint as if fully stated herein.

40. In answering paragraph 40 of the Complaint, paragraph 40 alleges legal conclusions to which no factual response is required. By way of further response, defendant admits that it is subject to applicable law, including wage orders. It denies that all such applicable wage orders require the payment of overtime wages for hours worked in excess of forty hours per week or eight hours per day.

41. In answering paragraph 41 of the Complaint, defendant admits that it was subject to Business & Professions Code § 17200 et seq. Paragraph 41 alleges legal conclusions in which no factual response is required.

42. Paragraph 42 of the Complaint alleges legal conclusions for which no factual response is required. By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

43. In answering paragraph 43 of the Complaint, defendant denies the allegations.

44. Paragraph 44 of the Complaint alleges legal conclusions for which no factual

response is required.  By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

45. In answering paragraph 45 of the Complaint, defendant denies the allegations.

46. Paragraph 46 of the Complaint alleges legal conclusions for which no factual response is required.  By way of further response, defendant lacks sufficient information or belief as to which employees are included and which overtime wages plaintiffs believe are due as to be able to admit or deny the allegation, and on that basis denies it.

## AFFIRMATIVE DEFENSES

47. Defendant asserts the following affirmative defenses, each as separate and distinct defenses to plaintiffs' alleged causes of action.  Insofar as any of the following expresses denial of an element of any claim alleged against defendant, such expression does not indicate that plaintiffs are relieved of their burden to prove each and every element of any such claim.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

48. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that the Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action against defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

49. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to plaintiffs' claims, including but not limited to California Code of Civil Procedure sections 337, 338 and 339; California Bus. & Prof.C. §17208; and 29 USC §§255, 255(a).

### THIRD AFFIRMATIVE DEFENSE
### (Overtime Exemption)

50. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that at all times mentioned in the complaint,

the parties to this action were exempt from the overtime compensation requirements contained in the Labor Code and in the Wage orders of the Industrial Welfare Commission and the Fair Labor Standards Act in that and/or insofar as plaintiffs were employed as agricultural workers.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

51. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

52. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

53. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

54. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that by their conduct, representations and/or omissions, plaintiffs have waived, relinquished and/or abandoned, in whole or in part, any alleged rights to the relief claimed in the Complaint, or to any relief at all.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith Action or Omission and Reasonable Belief of No Overtime Violation)

55. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs are not entitled to liquidated damages because any alleged act or omission by defendant was in good faith and defendant had reasonable grounds for believing that its conduct did not violate any provision of the Fair Labor

Standards Act relating to overtime wages.

### NINTH AFFIRMATIVE DEFENSE
(No Attorneys' Fees)

56. As a separate and affirmative defense to the Complaint and each cause of action alleged therein against defendant, defendant alleges that plaintiffs' Complaint and each cause of action therein fail to state facts sufficient to support an award of attorneys' fees.

WHEREFORE, defendant pray for relief as follows:

1. That plaintiffs take nothing by reason of their Complaint and that their Complaint be dismissed in its entirety with prejudice;

2. That defendant be awarded attorneys' fees and costs of suit; and

3. That defendant be awarded such other and further relief as the court may deem just and proper.

DATED: July 11, 2008                COBLENTZ, PATCH, DUFFY & BASS LLP


By: /s/ Katherine C. Zarate
Katherine C. Zarate
Attorneys for Defendant
The Wildcat Vineyards LLC dba
Sarah's Vineyard