1  SUSAN K. JAMISON (State Bar No. 131867)
KATHERINE C. ZARATE (State Bar No. 214922)
2  COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
3  San Francisco, California  94111-4213
Telephone:  415.391.4800
4  Facsimile:  415.989.1663
Email:   ef-skj@cpdb.com,
5           ef-kcz@cpdb.com

6  Attorneys for Defendant
The Wildcat Vineyards LLC dba
7  Sarah's Vineyard

8

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ROBERTO CELESTINO, GERALDO        Case No. C 08 00994 JW
PACHECO, JOSE MONTEJANO AND
13  GERALDO M. CELESTINO, individually and    CLASS ACTION
on behalf of others similarly situated,
                                    **JOINT CASE MANAGEMENT**
14              Plaintiffs,          **CONFERENCE STATEMENT**

15      v.                          CASE MANAGEMENT CONFERENCE

16  THE WILDCAT VINEYARDS LLC DBA     Date:   September 15, 2008
SARAH'S VINEYARD, AND DOES 1 TO     Time:   10:00 a.m.
17  10,                             Dept:   Courtroom  8

18              Defendants.

19

20          Pursuant to this Court's Civil Local Rule ("Civ. L.R.") 16, the parties jointly submit this

21  Case Management Statement and Proposed Order.  Each party certifies that its lead trial counsel

22  who will try this case met and conferred for the preparation of this Statement as required by

23  Civ. L.R. 16 and the Standing Order for All Judges of the Northern District of California.

24          The parties make the following representations and recommendations:

25      //

26      //

27      //

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

A.   **JURISDICTION AND SERVICE**

      1.   **Jurisdiction and Venue Issues.**

There are no service of process, jurisdiction or venue issues at this this time. The subject matter jurisdiction of this Court appears to be founded on 28 U.S.C. § 1331, because, on the face of their Complaint, plaintiffs' claims arise under the Federal Labor Standards Act and plaintiffs' related state claims form part of the same case or controversy as plaintiffs' federal claims.  Defendant, however, reserves the right to challenge subject matter jurisdiction following further discovery.

      2.   **Service Issues.**

All parties have been served.  Defendant does not intend to join any additional parties. Plaintiffs do not intend to join any additional parties.

B.   **FACTS AND EVENTS UNDERLYING THE ACTION**

      1.   **Plaintiffs' Statement of Facts.**

Plaintiffs were employed at defendant's winery and vineyard on an hourly basis.  Plaintiff Roberto Celestino was hired as a Cellar Master, primarily working in the winery; plaintiffs Jose Montejano, Geraldo Celestino, Geraldo Pacheco worked as laborers in both vineyard and winery as needed.  Plaintiffs all worked over eight hours a day and 40 hours a week, but were only paid straight rate.

      2.   **Defendant's Statement of Facts.**

Defendant operates a vineyard and winery, and it formerly employed the four named plaintiffs Jose Montejano, Gerardo Celestino, Geraldo Pacheco and Roberto Celestino on an hourly basis.  Plaintiffs Jose Montejano, Gerardo Celestino and Geraldo Pacheco primarily worked in the vineyards performing agricultural work, such as the cultivation and harvesting of grapes.  They  occasionally worked over eight hours a day and over forty hours a week from time to time and received straight time for such hours.  During the first few years of employment, Roberto Celestino primarily worked in the vineyards performing similar agricultural work, but over time, started to work more hours in the winery. Roberto Celestino often worked more than eight hours a day.  All four plaintiffs are no longer employed by defendant.

Defendant believed, in good faith, that plaintiffs were exempt from overtime wages.

1   Defendant continues to believe, that some, if not most, of the hours worked by plaintiffs in excess

2   of eight hours per day or over forty hours per week constitute agricultural work exempt from state

3   and federal overtime requirements.

4        C.     **PRINCIPAL LEGAL ISSUES**

5           1.     **Plaintiffs' Statement of the Principal Legal Issues.**

6              a.     Whether hours worked in performing agricultural work are exempt

7   from overtime while the employee also performed non-agricultural work in the winery in the same

8   week?

9              b.     Whether defendant acted in good faith, both subjectively and

10  objectively, in believing its failure to pay overtime did not violate FLSA?

11             c.     Whether plaintiffs meet the lenient standards to represent all other

12  "similarly situated" employees in an open-in class under FLSA?

13             d.     Whether plaintiffs may represent all other employees in a Rule 23

14  class.

15          2.     **Defendant's Statement of the Principal Legal Issues.**

16             a.     Defendant contends that some, if not most, of the hours worked by

17  plaintiffs in excess of eight hours per day or over forty hours per week constitute agricultural work

18  exempt from state and federal overtime requirements.

19             b.     Defendant contends that it acted in good faith and had reasonable

20  grounds for believing that its conduct did not violate any provision of the Fair Labor Standards

21  Act relating to overtime wages.

22             c.     Defendant contends that plaintiffs have not plead the requisites facts

23  for class action relief; it contends that plaintiffs cannot identify other employees who fall within

24  their contemplated putative class; and it contends that plaintiffs are not appropriate representatives

25  of putative class of employees, even assuming that a class can be certified.

26       D.     **ALTERNATIVE DISPUTE RESOLUTION**

27       The parties have been actively engaging in settlement discussions between themselves,

28  and, at this time, expect that other alternative dispute resolution methods would not make the

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    settlement process any more productive.

2    **E.    JURISDICTION BY A MAGISTRATE JUDGE**

3    The parties do not consent to a jury or court trial presided over by a magistrate judge.

4    **F.    MOTIONS**

5    There are no prior or pending motions, and the parties do not anticipate an early filings of

6    any motions.

7    The parties anticipate that plaintiffs may seek to certify class members, which defendant

8    will oppose.

9    **G.    CLASS ACTION**

10    Plaintiffs provide the following statement in compliance with Local Rule 16-9(b).

11    1.    The class action for claims under California law is maintained under Fed. R.

12    Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3).  This class action insofar as claims under

13    the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P.

14    23.

15    2.    Plaintiffs propose two separate classes:

16    a.    FLSA claims:  All hourly employees who had worked in winery or

17    in both winery and vineyard during the four years prior to the filing of the Complaint (the "FLSA

18    Class").

19    b.    California claims:  All hourly employees who: i) worked for

20    defendant in winery or in both winery and vineyard commencing at any time since four years

21    before the filing of this action; (the "California Class").  A sub-class of California Class consists of

22    all  hourly workers as previously described whose employment with defendant terminated at any

23    time in three years before the filing of this case (California § 203 Class).

24    Depending upon further investigation and the results of discovery, plaintiffs may seek to

25    modify these class definitions.

26    3.    Plaintiffs are members of the Federal Class, as well as the California Class

27    and, like other members, were not paid overtime pay in violation of the FLSA and California labor

28    law.  Plaintiffs are unable to state the exact number of either class without access to records within

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1  defendant's possession.

2       Plaintiffs allege that common questions of law and fact predominate in this case. For

3  example, the class members' rights insofar as this action is concerned arise from the defendants'

4  uniform payroll practice of paying straight time only, applicable to all non-exempt workers.  In

5  light of the commonality of the sources of the putative class members' rights, individual

6  adjudications harbor the possibility of inconsistent adjudications. Plaintiffs have no conflicts of

7  interest and will fairly and adequately represent both classes.  Plaintiffs are not aware of any other

8  pending litigation concerning the claims asserted herein nor of any difficulties that should be

9  encountered in the management of this litigation as a class action.

10       4.       Plaintiffs plan to file motions for the Court to consider class certification no

11  later than March 31, 2009, though Plaintiffs may file such motions sooner.

12  **H.    AMENDMENT OF PLEADINGS**

13       At this time, the parties are not planning to amend the pleadings.

14  **I.    EVIDENCE PRESERVATION**

15       The parties certify that they have taken steps to preserve evidence relevant to the issues

16  reasonably evident in this action, including interdiction of any document-destruction program and

17  any on-going erasures of e-mails, voice mails, and other electronically-recorded material.

18  **J.    DISCLOSURES**

19       The parties agreed that they would exchange Initial Disclosures pursuant to Federal Rule

20  of Civil Procedure 26(a)(1) no later than August 29, 2008.  Defendant served its Initial Disclosures

21  on plaintiffs on August 29, 2008.  Plaintiffs certify that they will serve their Initial Disclosures on

22  September 8, 2008.

23  **K.    DISCOVERY**

24       1.    **Pending Discovery.**

25       Although the parties have informally exchanged information, the parties have not yet

26  conducted any formal discovery.

27       2.    **Proposed Discovery Plan.**

28       a.    The parties propose to follow discovery rules imposed under the

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

Federal Rules of Civil Procedure.  In the event that any party desires to propound additional written discovery or extend the length of any deposition, that party will attempt to first obtain agreement of the opposing parties, which agreement shall not be unreasonably withheld.  In the event that the parties cannot reach an agreement, the party desiring to engage in further discovery will file a motion with the Court.

c.    At this stage, plaintiffs intend to conduct discoveries including interrogatories, request for production of documents and depositions.

d.    At this stage, defendant intends to serve interrogatories and requests for production of documents upon plaintiffs concerning plaintiffs' claims for overtime wages and plaintiffs' class action allegations.  Defendant also seeks to depose plaintiffs and any persons identified as members of plaintiffs' putative class concerning the above-mentioned subject matters.  Defendant reserves the right to conduct additional discovery on additional subject matters not specifically described herein.

3.    **The parties do not, at this time, propose to any limitations to the use of discovery tools allowed under the Federal Rules of Civil Procedure.**

4.    **The parties do not, at this time, propose any limitations on discovery as provided by the Federal Rules of Civil Procedure following subject matters:**

**None.**

5.    **The parties plan to offer expert testimony as to the following subject matters:**

**Plaintiffs may need an expert for class wide damages assessment.**

6.    **The Court orders the following additional limitations on the subject matter of discovery.**

7.    **The parties propose the following deadlines for disclosures of witnesses and completion of discovery.**

a.    Disclosure of identities of all witnesses to be called in each party's case-in-chief:  90 days before trial date.

b.    Completion of all non-expert discovery:  90 days before trial date.

c.    Disclosure of identities, resumes, final reports and all other matters required by Fed.R.Civ.P. 26 (a)(2):  90 days before trial date.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1            d.    Completion of discovery from experts:  60 days before trial date.

2            e.    Last day dispositive motions can be heard:  60 days before trial date.

3    **L.**    **<u>TRIAL SCHEDULE</u>**

4        1.    The parties request a trial date starting October 19, 2009.

5        2.    The parties expect that the trial will last for 5-10 court days, depending on

6    whether plaintiffs are able to certify class members.

7        3.    The parties request a final pre-trial conference date on September 14, 2009.

8

9        IT IS SO STIPULATED.

10

11   DATED: September 5, 2008        COBLENTZ, PATCH, DUFFY & BASS LLP

12           By:  /s/ Katherine C. Zarate

13               Katherine C. Zarate
                 Attorneys for Defendant

14               The Wildcat Vineyards LLC dba
                 Sarah's Vineyard

15   DATED: September 5, 2008        LAW OFFICES OF ADAM WANG

16

17           By:  /s/ Adam Wang
                 Adam Wang

18               Attorneys for Plaintiffs
                 Roberto Celestino, Geraldo Pacheco, Jose
                 Montejano and Geraldo M. Celestino

19           **<u>CASE MANAGEMENT ORDER</u>**

20

21

22

23       IT IS SO ORDERED.

24

25

26   Date: September____, 2008

27               HON. JAMES WARE
                 UNITED STATES DISTRICT JUDGE

28

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663