SUSAN K. JAMISON (State Bar No. 131867)
KATHERINE C. ZARATE (State Bar No. 214922)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:    ef-skj@cpdb.com,
             ef-kcz@cpdb.com

Attorneys for Defendants
The Wildcat Vineyards LLC dba
Sarah's Vineyard

**IT IS SO ORDERED AS MODIFIED**
Judge James Ware

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CELESTINO, GERALDO PACHECO, JOSE MONTEJANO AND GERALDO M. CELESTINO, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE WILDCAT VINEYARDS LLC DBA SARAH'S VINEYARD, AND DOES 1 TO 10,<br><br>          Defendants. | Case No. C 08 00994<br><br>CLASS ACTION<br><br>STIPULATED DISMISSAL AND [PROPOSED] ORDER |

## STIPULATION

Plaintiffs Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino (collectively, "Plaintiffs") and Defendant Wildcat Vineyards LLC ("Defendant"), through the signatures of their counsel on this Stipulation, stipulate to dismiss this action with prejudice according to the terms of the Settlement Agreement attached as Exhibit A to the [Proposed] Order, which is incorporated by reference in that Order and is made fully a part of that Order.

IT IS SO STIPULATED.

DATED: 8/7, 2009        LAW OFFICE OF ADAM WANG

By: _____
Adam Wang
Attorneys for Plaintiffs
Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino

DATED: August 4, 2009    COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____
Katherine C. Zarate
Attorneys for Defendant
The Wildcat Vineyards LLC dba
Sarah's Vineyard

Katherine C. Zarate
Attorneys for Defendant
The Wildcat Vineyards LLC dba
Sarah's Vineyard

## ORDER

The Court has reviewed the Stipulation set forth above and the terms and conditions of the Settlement Agreement attached to this Order as Exhibit A and incorporated in this Order as if fully set forth in it. Accordingly,

**IT IS HEREBY ORDERED** that:

1. This action is dismissed with prejudice;

2. The dismissal is expressly conditioned on the terms and conditions of the Settlement Agreement attached to this Order as Exhibit A and incorporated in and made fully part of this Order;

3. In the event of a breach of the Settlement Agreement, any party may file an ordinary breach of contract action in a Court of competent jurisdiction.

4. Each party shall bear their own fees and costs, as provided in the Settlement Agreement.

The Clerk shall close this file.

Dated: August 12, 2009

_____
JAMES WARE
United States District Judge

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ("Agreement") is made by and between plaintiffs Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino ("Plaintiffs"), on the one hand, and defendant The Wildcat Vineyard's LLC, dba Sarah's Vineyards ("Defendant"), on the other hand, with reference to the following facts:

WHEREAS, certain disputes have arisen between Plaintiffs, on the one hand, and Defendant, on the other hand, concerning the parties' respective rights and liabilities arising out of plaintiffs' employment with Defendant ("the Dispute");

WHEREAS, Plaintiffs claim that they are owed overtime wages from Defendant and initiated legal action, initially proposed as a class action, against Defendant entitled *Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino v. The Wildcat Vineyard's LLC, dba Sarah's Vineyards,* United States District Court, Northern District, Case No. C08-00994 JW (hereinafter referred to as the "Action"), asserting causes of action for Violation of the Labor Code §1194; Violation of the Fair Labor Standards Act (non-payment of overtime); Waiting Time Penalties Under California Labor Code § 203.4; Restitution for Unpaid Wages in Violation of California Unfair Business Trade Practices Act under Business and Professions Code § 17203; and Violation of California Labor Code § 226; and seeking, *inter alia*, compensatory and liquidated damages; waiting time penalties, pre-judgment interest, restitution; attorneys' fees and costs of suit;

WHEREAS, Defendant denies Plaintiffs' allegations and denies any and all responsibility for their alleged damages; Defendant further contends that Plaintiffs have not plead the requisite facts for class action relief, that Plaintiffs cannot identify other employees who fall within their contemplated putative class, and that Plaintiffs are not appropriate representatives of any putative class of employees, even if such a class could be certified;

WHEREAS, Plaintiffs have not certified any class of plaintiffs in the Action. The only plaintiffs in this action are the named Plaintiffs: Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino;

WHEREAS, Plaintiffs and Defendant desire to compromise and settle the Dispute, the Action and all matters related thereto under the terms set forth herein;

NOW, THEREFORE, based upon the foregoing and in consideration of the mutual
plaintiffs in this action are the named Plaintiffs: Roberto Celestino, Geraldo Pacheco, Jose Montejano and Geraldo M. Celestino;

WHEREAS, Plaintiffs and Defendant desire to compromise and settle the Dispute, the Action and all matters related thereto under the terms set forth herein;

NOW, THEREFORE, based upon the foregoing and in consideration of the mutual
promises contained herein, Plaintiffs and Defendant hereby agree as follows:

1.   Settlement Payment. In consideration for Plaintiffs' release of all claims against Defendant as described in paragraph 3 below, and their agreement to dismiss the entire Action with prejudice, Defendant shall pay plaintiff Roberto Celestino the amount of Thirty-Six Thousand Five Hundred Seventy Dollars and Sixty-Seven Cents ($36,570.67) minus all applicable withholdings, plaintiff Geraldo M. Celestino the amount of Two Thousand Five Hundred Forty-Eight Dollars and Forty-Five Cents ($2,548.45) minus all applicable withholdings, plaintiff Jose Montejano the amount of Two Thousand Two Hundred Twenty-Four

Dollars and Two Cents ($2,224.02) minus all applicable withholdings, and plaintiff Geraldo Pacheco the amount of Four Hundred Eighty Dollars and Sixty One Cents ($487.61) minus all applicable withholdings; and Plaintiff's attorney Adam Wang, Esq. the amount of Twenty-Four Thousand Four Hundred Seventy Dollars and Fifty Cents ($24,470.50), for a total payment, prior to withholdings, of Sixty-Six Thousand Three Hundred One Dollars and Twenty-Five Cents ($66,301.25) (hereinafter referred to as "the Settlement Payment").

2. <u>Stipulated Dismissal of the Entire Action With Prejudice.</u> Within ten (10) days of the receipt of the Settlement Payment, Plaintiffs and Defendant shall execute a Stipulated Dismissal of Entire Action With Prejudice and deliver it to Plaintiffs' counsel who shall then file the Stipulated Dismissal of the Entire Action With Prejudice with the Court.

3. <u>General Release.</u>

a. Plaintiffs hereby release and discharge Defendant and their respective agents, attorneys, managers, employees, officers, investors, partners, insurers, and each of them (hereinafter "the Released Parties"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether administrative, civil, or criminal, whether known or unknown, whether arising from statute, regulation, or the common law, which Plaintiffs had or now have against any of the Released Parties relating in any way to the Action and/or the Dispute, to any and all of the contentions made in the course of the Action and/or the Dispute, to the general subject matter of the Action and/or the Dispute, and to any claims that could have been asserted by Plaintiffs against Defendant in the Action and/or the Dispute.

b. Plaintiffs acknowledge that they are aware of the provisions of Section 1542 of the Civil Code of the State of California, that their attorneys have fully explained the effect of their waiver of the rights and benefits of Section 1542 of the Civil Code, and that they understand said provisions and expressly waive and relinquish all rights and benefits they have or may have under that section, which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

c. Plaintiffs acknowledge that they may hereafter discover facts different from or in addition to those they now know or believe to be true in respect to the claims, Dispute, Action, demands, damages, debts, liabilities, actions, and causes of action herein released, and hereby agree that this release shall be and remain in effect in all respects as a complete, general release as to the matters released, notwithstanding any such different or additional facts.

d. Plaintiffs represent and warrant that no claims released hereunder have been conveyed, assigned or otherwise transferred to any other third party.

4. <u>Fees and Costs</u>. With the exception of Defendant's payment to Plaintiffs' counsel in the amount of Twenty-Four Thousand Four Hundred Seventy Dollars and Fifty Cents ($24,470.50) described in paragraph 1 above, each party hereto agrees that they shall be responsible for the payment of their own fees and costs, including, but not limited to, attorneys' fees and costs, incurred in connection with the Dispute and the Action. Should any action or proceeding be commenced arising from or relating to this Agreement, the prevailing party therein shall be entitled to reasonable attorneys' fees and costs, including, but not limited to, the cost of expert witnesses and consultants, in and related to, such action or proceeding.

5. <u>No Admissions</u>. This Agreement settles disputed claims, and nothing in it shall be construed as an admission or concession on the part of any party. Liability is expressly denied by Defendant.

6. <u>Legal Representation</u>. The parties to this Agreement expressly declare and represent that they have read this Agreement, that they have each been represented by counsel of their own choosing at all pertinent times, and that they have consulted with their respective counsel regarding the meaning of the terms and provisions contained herein. The parties further expressly declare and represent that they approve and accept the terms and conditions contained herein, and that this Agreement is executed freely, voluntarily, and with approval of counsel.

7. <u>Confidentiality.</u> Plaintiffs and Defendant shall indefinitely hold the terms and conditions of this Agreement in confidence, and shall not disclose, distribute or otherwise disseminate this Agreement or the terms and conditions of this Agreement to any third party, except to any of the Released Parties, provided that in the event that either party is legally compelled to disclose all or any part of this Agreement (Compelled Party) the Compelled Party shall use its best efforts to obtain an appropriate protective order, or similar device to maintain the confidentiality of the terms and conditions of this Agreement. In the event that a protective order, or similar device, is not obtained, the Compelled Party shall disclose only the portion of the information which the Compelled Party is compelled to disclose, without liability hereunder.

8. <u>Non-Disparagement</u>. Plaintiffs and Defendant agree that they will not disparage any of the others to anyone, including but not limited to, former, existing and/or potential customers, vendors, and/or employees.

9. <u>Taxes</u>. Plaintiffs and their attorneys represent and warrant that any liability for federal or state income tax payments or penalties arising from the Settlement Payment are their responsibilities and that they will hold Defendant and all Released Parties harmless with respect to any such consequences.

customers, vendors, and/or employees.

9. <u>Taxes</u>. Plaintiffs and their attorneys represent and warrant that any liability for federal or state income tax payments or penalties arising from the Settlement Payment are their responsibilities and that they will hold Defendant and all Released Parties harmless with respect to any such consequences.

10. <u>Successor and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the respective parties to this Agreement, and to their respective officers, directors, legal successors, heirs, administrators, assigns, and shareholders.

11. <u>California Law</u>. This Agreement shall be construed under and shall be deemed governed by the laws of the State of California.

   12. <u>Enforcement of Settlement</u>. The parties hereto agree that the United States District Court of the Northern District shall retain jurisdiction over the parties to enforce the Agreement until performance in full the settlement terms.

   13. <u>Entire Agreement</u>. This Agreement sets forth the entire understanding of the parties in connection with the subject matter hereof. None of the parties hereto has made any statement, representation, or warranty in connection herewith, except as expressly set forth herein, which has been relied upon by the other party hereto or which acted as an inducement for the other parties to enter in this Agreement.

   14. <u>Counterparts</u>. This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. Facsimiles and pdfs of signature pages of the Agreement shall have the same binding effect as originals.

   15. <u>Captions</u>. The captions herein have inserted for identification and reference purposes only and shall not be used in the construction or interpretation of this Agreement.

DATED: July ___, 2009

_____
ROBERTO CELESTINO

DATED: July ___, 2009

_____
GERALDO PACHECO

DATED: July ___, 2009

_____
JOSE MONTEJANO

DATED: July ___, 2009

_____
GERALDO M. CELESTINO

DATED: July 28, 2009  THE WILDCAT VINEYARD'S LLC, DBA SARAH'S VINEYARDS

By: _____
GERALDO M. CELESTINO

DATED: July 28, 2009  THE WILDCAT VINEYARD'S LLC, DBA SARAH'S VINEYARDS

By: _____

Its: _____Member, proprietor_____

**APPROVED AS TO FORM**

DATED: July ___, 2009         LAW OFFICES OF ADAM WANG

                              By: _____
                                  Adam Wang, Esq.
                                  Attorneys for Plaintiffs

DATED: ~~July~~ Aug 4, 2009   COBLENTZ, PATCH, DUFFY & BASS, LLP

                              By: _/s/ Katherine C. Zarate_
                                  Katherine C. Zarate, Esq.
                                  Attorneys for Defendants

12.  **Enforcement of Settlement.** The parties hereto agree that the United States District Court of the Northern District shall retain jurisdiction over the parties to enforce the Agreement until performance in full the settlement terms.

13.  **Entire Agreement.** This Agreement sets forth the entire understanding of the parties in connection with the subject matter hereof. None of the parties hereto has made any statement, representation, or warranty in connection herewith, except as expressly set forth herein, which has been relied upon by the other party hereto or which acted as an inducement for the other parties to enter in this Agreement.

14.  **Counterparts.** This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. Facsimiles and pdfs of signature pages of the Agreement shall have the same binding effect as originals.

15.  **Captions.** The captions herein have inserted for identification and reference purposes only and shall not be used in the construction or interpretation of this Agreement.

DATED: July 21, 2009

_____
ROBERTO CELESTINO

DATED: July 21, 2009

_____
GERALDO PACHECO

DATED: July 15, 2009

_____
JOSE MONTEJANO

DATED: July 15, 2009

_____
GERALDO M. CELESTINO

DATED: July ___, 2009

THE WILDCAT VINEYARD'S LLC, DBA SARAH'S VINEYARDS

By: _____

Its: _____

DATED: July ___, 2009

THE WILDCAT VINEYARD'S LLC, DBA SARAH'S VINEYARDS

By: _____

Its: _____

APPROVED AS TO FORM

DATED: July 2⟨, 2009        LAW OFFICES OF ADAM WANG

                            By: _____
                                Adam Wang, Esq.
                                Attorneys for Plaintiffs


DATED: July ___, 2009       COBLENTZ, PATCH, DUFFY & BASS, LLP

                            By: _____
                                Katherine C. Zarate, Esq.
                                Attorneys for Defendants